United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-11485
Summary Calendar
_____

JOSEPH DINGLER

Plaintiff-Appellee,

versus

DALLAS COUNTY SHERIFF'S OFFICE, et al;

Defendants,

OFFICER NFN AMIN, Dallas County Sheriff's Department;
OFFICER NFN GRAY, Dallas County Sheriff's Department;
OFFICER NFN HATCHER, Dallas County Sheriff's Department;
OFFICER NFN HIGHTOWER, Dallas County Sheriff's Department;
OFFICER NFN ENGLISH, Dallas County Sheriff's Department

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
(No. 3:02-CV-2749)

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This 42 U.S.C. § 1983 action arises from a prisoner's *pro se* allegations of physical abuse at

the hands of certain prison guards. The defendant prison guards file this interlocutory appeal

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's denial of their summary judgment motion. The guards argue that the district court should have granted summary judgment in their favor since they were entitled to qualified immunity; specifically, the guards argue that their alleged behavior was not so unreasonable as to preclude a qualified immunity defense.

Because the district court's denial of summary judgment was not a final decision, review of this interlocutory appeal is limited. *Johnson v. Johnson*, 385 F.3d 503, 523 (5th Cir. 2004). This court "lack[s] interlocutory jurisdiction to review the district court's conclusion that the plaintiff has created a genuine issue of fact as to some matter." *Id.* The court may, however, review whether the fact issues are material, *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001), or whether the defendants nonetheless are entitled to qualified immunity based upon the facts as alleged by the plaintiff, *Colston v. Barnhart*, 130 F.3d 96, 98–99 (5th Cir. 1997).

The district court noted that there were factual issues as to whether each of the guards knew of or participated in the alleged physical abuse. These issues, according to the district court, prevented summary judgment and overcame the qualified immunity defense.[1] On appeal, the guards do not argue that the factual issues identified by the district court are immaterial. Instead, the guards assert that, even accepting Dingler's version of facts as true, summary judgment should have been granted in the guards' favor. Dingler alleges that the guards physically abused him by repeatedly opening doors with his head while his hands were restrained and by repeatedly kicking and punching him while he was prone and restrained on the floor, thereby causing him physical injuries. Assuming

---

[1]The district court noted that Dinger's assertions "complie[d] with the affidavit requirements" and "provide[d] sufficient detail as to the description of the incident, the parties involved, and the injuries suffered to create a genuine issue of material fact." The district court also noted that the guards' affidavits "den[ied] knowledge of or participation in the most significant parts of the alleged incident and create[d] a genuine issue of material fact."

these facts are true, we cannot say that the guards would be entitled to qualified immunity. Accordingly, we do not have appellate jurisdiction to hear this interlocutory appeal.

The interlocutory appeal is DISMISSED.